

# THE ATTORNEY GENERAL
## OF TEXAS

October 6, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Neal Birmingham  
Cass County District Attorney  
P. O. Box 940  
Linden, Texas   75563

Opinion No.  JM-807

Re:  Whether $30,000 is the aggregate limit on articles exempt from execution under sections 42.001 and  42.002 of the Property Code

Dear Mr. Birmingham:

You ask the following question:

> Is the property 'eligible for the exemption' under Sec. 42.002 Property Code property that the owner may retain free of  execution regardless of value or may the owner  retain title to only  those items  of property  set out in Sec. 42.002 that do not exceed in the aggregate,  $30,000.00  for  a  family   or $15,000.00 for a single adult?

The Texas  Constitution  makes  it the  duty  of  the legislature to protect from forced sale a certain  portion of personal property of heads  of family and of  unmarried adults.  Tex. Const. art.  XVI, §16.  The legislature  has carried out  that duty  by  enacting articles  42.001  and 42.002 of the Property Code.  Section 42.001 provides:

> (a) Eligible  personal property  that  is owned by a family and that has an  aggregate fair market value of  not more than  $30,000 is exempt  from attachment,  execution,  and seizure  for  the  satisfaction  of  debts, except for  encumbrances properly  fixed  on the property.

> (b) Eligible  personal property  that  is owned by a single adult who is not a  member of a family and  that has an aggregate  fair market value  of not  more than $15,000  is exempt   from   attachment,  execution,    and

seizure for the satisfaction of debts, except for encumbrances properly fixed on the property.

(c) The exemption provided in this section does not apply to a debt that is secured by a lien on the property or that is due for rents or advances from a landlord to the landlord's tenant.

Section 42.002 sets out items of property that are "eligible for the exemption." Your question is whether the listed items are exempt regardless of value or whether the listed items are exempt only as long as the aggregate value is not greater than the relevant limit set out in section 42.001.

Section 42.001 states that "eligible" items up to a specified amount are exempt. Section 42.002 lists "eligible" items. Those provisions, read together, make clear that only the items listed in section 42.002 may be claimed under the exemption and that listed items may only be claimed to the extent that their aggregate value does not exceed the relevant limit set out in section 42.001.

The Property Code is the product of a nonsubstantive recodification. Acts 1983, 68th Leg., ch. 576, §1.001(a). The prior statute governing exempt personal property provided:

Personal property (not to exceed an aggregate fair market value of $15,000 for each single, adult person, not a constituent of a family, or $30,000 for a family) is exempt from attachment, execution and every type of seizure for the satisfaction of liabilities, except for encumbrances properly fixed thereon, if included among the following: [list omitted].

Acts 1973, 63rd Leg., ch. 588, §2, at 1628 (codified at V.T.C.S. art. 3836). The parenthetical in that provision leaves no room for doubt that the list of exempt personal property was intended to create an exemption only for personal property that does not exceed a fair market value of $30,000 for a family or $15,000 for a single person. Cf. Acts 1935, 44th Leg., ch. 145, §1, at 384 (repealed by Acts 1973, 63rd Leg., ch. 588, §4, at 1629) (former law

set out specific items of exempt personal property with no limit on value).

### S U M M A R Y

The items listed in article 42.001 of the Property Code are the only items that may be claimed as exempt under article 42.002 of the Property Code, and the listed items may be claimed only to the extent that their aggregate fair market value does not exceed $30,000 for a family or $15,000 for a single adult.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General